JANSA, Respondent, v. MILWAUKEE AUTOMOBILE MUTUAL
INSURANCE COMPANY and another, Appellants.*

*October 29—November 27, 1962.*

---

* Motion for rehearing denied, with $25 costs, on February 5, 1963.

For the appellants there was a brief and oral argument by *D. J. Regan* of Milwaukee.

For the respondent there was a brief and oral argument by *Alvin L. Zelonky* of Milwaukee.

BROWN, C. J.   On August 23, 1959, respondent Jansa, driver of an automobile, stopped at an intersection and waited for the traffic light to change. Appellant Tomaszewski collided with the rear of her automobile and forced it forward 25 feet. The impact caused respondent to strike her

head on the windshield visor, to hit her left leg on the dashboard, and to strike her chest on the steering wheel.

Miss Jansa testified extensively regarding her unimpaired physical condition immediately before the accident, and to the pain, suffering, and disability thereafter. She was corroborated by the testimony of her attending physician, Dr. Peters, concerning the objective results of the accident and the present and prospective disability of Miss Jansa, and that these injuries were of a nature to produce pain and suffering. The testimony warrants the belief by the jury that she sustained severe shock, and injury to her neck, back, and left leg, and chest and head injuries. Dr. Peters treated her for them 60 to 70 times in the year following the accident. He had been her physician before that. She was totally disabled for six weeks and could work half time for about two months thereafter. Her medical bills were $531.22. Dr. Peters testified that she will be permanently disabled from 10 to 15 percent of the use of the body as a whole, which will affect her or limit her from standing any extended period of time, from lifting, pushing, pulling, climbing on elevations, and probably bending. The injury to her knee will require her to avoid twisting, bending, squatting, and kneeling.

Appellants offered no testimony of their own but relied entirely upon cross-examination. Miss Jansa admitted that she had been previously in three other accidents but testified that the effects of them had completely or nearly disappeared before the present occurrence. Dr. Peters testified that he had made allowance for the prior accidents in his estimates of the results caused by this one.

Appellants contend that the jury did not give sufficient consideration to the effects of preceding accidents. These were matters for the jury and by refraining from calling witnesses on the questions of physical damage appellants

gave the jury little help in coming to any conclusions except that the injuries were as testified to by respondent and her doctor. If so, we cannot determine that the amounts allowed for them by the jury were excessive. In a long and careful analysis of the testimony by the learned trial court it approved the verdict.

Appellants contend that the evidence does not sustain the jury's finding of wage loss due to the accident. The trial court approved the verdict in this respect also. Appellants assert that respondent's tax return for the preceding year contradicts the greater wage loss which she testified to at the trial. Respondent, however, testified that she had a better job at the time of the accident with better pay than she had in the year reflected in the tax return. Appellants offered no testimony to dispute her statement of current wages. We agree with the trial court that the evidence on loss of wages is credible and sustains the verdict.

We conclude that judgment was properly entered on the verdict. We must then consider whether the trial court was correct in granting judgment against the insurance carrier only to the limit specified by the policy issued by the carrier to Tomaszewski. Respondent contends that judgment should be given against both defendants for the entire amount of the verdict with interest and costs. She has moved to review that part of the judgment which limited the liability of the insurance company.

Plaintiff's complaint alleged that defendant company had issued a policy, which was then in force, insuring defendant Tomaszewski's automobile against damage caused by the negligent operation of the vehicle. It demanded judgment against both defendants for damages caused by such negligent operation, in the amount of $35,000. Defendant Insurance Company's answer specifically admitted and alleged that the company had written the policy insuring

Tomaszewski as described in the complaint but denied that the defendant company is liable to the plaintiff.

At the beginning of the trial, the court said:

"Let the record further show that counsel for the plaintiff and counsel for the defendants have stipulated that the only question to be submitted to the jury is the question of damages on the alleged personal injuries sustained by the plaintiff; that the question of liability has been admitted for and on behalf of the defendants through counsel, Mr. Regan.

"Mr. Regan: That is correct."

The trial then proceeded to verdict, after which plaintiff, on November 22, 1961, moved for judgment on the verdict against both defendants. At that time there had been no mention whatever of any contention that the insurance carrier was not liable for all the damages whatever their amount. At the time set for hearing plaintiff's motion, December 11, 1961, the insurer produced the policy, providing a principal sum of $10,000, and moved that the court receive the policy in evidence. The court granted the motion and its judgment limited plaintiff's recovery against the insurer to the terms of the policy.

We think the admission in evidence and any consideration of the limitation of the policy were error. Defendant company had answered that it did in fact insure Tomaszewski's automobile against liability for damages caused by the negligent operation of the vehicle. It denied that the company was liable to plaintiff at all. It did not allege that the company's liability was limited in any amount or that there were any limits. There was never any amendment of the pleading. Thus there was no issue upon the amount of insurance coverage. The effort to put the policy into evidence when plaintiff's own motion for judgment on the verdict came on to be heard was not within the issues.

In *Nichols v. United States Fidelity & Guaranty Co.* (1961), 13 Wis. (2d) 491, 109 N. W. (2d) 131, we held the defendant in his answer is not required to plead more than the ultimate facts that the liability of the insured under the policy is subject to the terms of the policy. Once the ultimate fact is pleaded that there are limitations on the policy, the policy itself can later be admitted as evidence of the limitations. If the defendant Insurance Company admits liability to its insured by an insurance policy but denies any liability to plaintiff and fails to allege any limitations of liability by the terms of the policy, the policy itself cannot be admitted into evidence for purposes of limiting the liability of the insurer after the jury has reached its verdict unless defendant has moved to amend its answer and the court has permitted the amendment under circumstances where the permission did not constitute an abuse of discretion.

"In *Dostal v. Saint Paul-Mercury Indemnity Co.* (1958), 4 Wis. (2d) 1, 16, 89 N. W. (2d) 545, we stated:
" 'We think the burden of pleading and proving the policy limits was upon the insurer.' " *Nichols v. United States Fidelity & Guaranty Co., supra,* page 500.

We regard as ineffectual the belated attempt to insert the question of coverage into the case. Respondent's motion to review that part of the judgment is properly brought and upon such review we determine that the part of the judgment which limits recovery against the Insurance Company should be reversed and an order entered directing judgment upon the verdict against each of the defendants for the full amount.

*By the Court.*—That part of the judgment which limits recovery against the Insurance Company is reversed, and the remainder of the judgment is affirmed. Cause remanded with directions to the trial court to enter judgment on the verdict with interest and costs against both defendants.