Bonnie J. MALUKA and Robert C. Maluka,
Plaintiffs-Respondents,

v.

Glen M. TUCKER, D.D.S., M.D., and Wisconsin Patients
Compensation Fund, Defendants-Appellants.

Court of Appeals

*No. 83–275. Submitted on briefs November 16, 1983.—*
*Decided December 7, 1983.*
(Also reported in 343 N.W.2d 407.)

2

For the defendants-appellants the cause was submitted on the briefs of *Zirbel, Howard & Malone, S.C.,* with *Irving W. Zirbel* of counsel, of Milwaukee.

For the plaintiffs-respondents the cause was submitted on the briefs of *Schulz & Schapekahm, S.C.,* with *Kevin Kennan* and *Richard H. Schulz* of counsel, of Milwaukee.

Before Wedemeyer, P.J., Decker and Moser, JJ.

MOSER, J.   On its own behalf and on behalf of Glen M. Tucker, D.D.S., M.D. (Dr. Tucker), the Wisconsin Patients Compensation Fund (WPCF) appeals from an order granting Bonnie J. and Robert C. Maluka (the Malukas) a new trial on their claim of medical malpractice.   WPCF asserts on this appeal that the trial court abused its discretion in granting the Malukas a new trial and in not remanding to the Wisconsin Patients Compensation Panel issues never addressed by the panel at the first hearing.   Because the trial court did not abuse its discretion in ordering a new trial, we affirm that portion of its order; but we reverse that portion of the trial court's order which omitted remanding the case to the Patients Compensation Panel for a hearing on issues not previously addressed by that panel.

On October 30, 1976, Bonnie J. Maluka (Bonnie) suffered a cut to her hand when, in the course of her employment at the Miller Brewery, a beer bottle exploded. The cut required stitches which Bonnie received, outpatient, at St. Mary's Hospital.   Approximately two weeks after the incident, Bonnie was referred to a surgeon, Dr. Tucker, whom she first consulted on November 15, 1976.   From that date until April of 1980, Dr. Tucker treated Bonnie surgically and with pain medication.

On April 24, 1980, a submission of controversy naming Dr. Tucker as a respondent was filed by the Malukas with the Patients Compensation Panel.   On August 27, 1980, the Malukas stipulated to entry of an order that the panel would limit the evidence and testimony in the matter to that care and treatment provided to Bonnie on and after April 24, 1977.   That order was entered on September 3, 1980.

More than a year later, on November 10, 1981, the medical malpractice hearing began.   On the second day of the hearing the Malukas requested relief from the Sep-

tember 3, 1980, order, stating that at the time the order was stipulated to they had had no evidence of Dr. Tucker's negligence prior to April 24, 1977, but that they now had such evidence. In fact, the Malukas had had such evidence since July 31, 1981, but had failed to take action to have the order set aside. The panel chairman ruled that, in light of the stipulation and order, and the Malukas' failure to timely seek rescission, no evidence could be presented to the panel regarding care and treatment rendered before April 24, 1977. The panel found Dr. Tucker not causally negligent.

The Malukas then initiated an action in circuit court against Dr. Tucker. In response to a motion *in limine*, the trial court refused to allow evidence on the issue of negligence prior to April 24, 1977, because such evidence, by stipulation, had not first been presented to the panel and because it appeared that such evidence was barred by the statute of limitations. After a four day trial, the jury found Dr. Tucker not negligent.

On motions after verdict the trial court reversed itself on the matter of Dr. Tucker's acts of negligence prior to April 24, 1977, and granted a new trial wherein the evidence would not be so limited. The court was persuaded in its ruling by *Tamminen v. Aetna Casualty & Surety Co.*[1] which was decided by the supreme court in the interim between the end of this trial and the motions after verdict. That case held that where there is a continuing course of negligent medical care giving rise to a single cause of action for the medical condition occasioned by it, commencement of suit is timely so long as the last date on which the malpractice occurred falls within the period prescribed by the statute of limitations.[2] The trial court decided that the instant case was covered by *Tamminen* and, therefore, there was no stat-

[1] 109 Wis. 2d 536, 327 N.W.2d 55 (1982).
[2] *Id.* at 558–59, 327 N.W.2d at 65.

ute of limitations barrier to presenting evidence of acts of Dr. Tucker which took place prior to April 24, 1977. In the interests of justice the court felt the Malukas were entitled to be relieved of their stipulation and to receive a new trial. The court further determined that it was unnecessary to send the case back to the Patients Compensation Panel for a hearing on the issues not presented at the first hearing. This appeal followed.

## RELIEF FROM STIPULATION AND NEW TRIAL

The WPCF claims that the trial court had no authority to relieve the Malukas from their stipulation and grant them a new trial and that to do so was an abuse of discretion. The WPCF's reasoning is as follows: the Malukas admitted that their stipulation to entry of an order limiting the evidence and testimony before the panel was done mistakenly. By statute, formal panels are bound by the law applicable to civil actions.[3] Section 806.07 (1) (a) and (2), Stats., provides that a motion for relief from a judgment, order, or stipulation on grounds of mistake must be made within one year.[4] The order in question was entered on September 3, 1980. The Malukas did not move for relief within one year of that date but, rather, took no action until November, 1981.

---

[3] Sec. 655.17 (1), Stats.

[4] Sec. 806.07(1) (a) and (2), Stats., provides in relevant part: 806.07 Relief from judgment or order. (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

(a) Mistake, inadvertence, surprise, or excusable neglect;

. . . .

(2) The motion shall be made within a reasonable time, and, if based on sub. (1) (a) or (c), not more than one year after the judgment was entered or the order or stipulation was made.

While the panel exercised sound discretion in holding the Malukas to their stipulation, this does not mean that, thereafter, no court had the authority to set aside the panel's order.[5] Any party to a hearing before a formal panel is entitled to a trial *de novo* in a circuit court.[6] "The judgment or order of the circuit court shall supersede any order or award made by a panel in a hearing [under Chapter 655]."[7] Clearly, the trial court had the authority to supersede the panel's order based on its discretionary determination that justice would be served by giving the Malukas a new trial. The trial court reasoned that the Malukas had entered the stipulation without knowledge that the *Tamminen* decision would modify the law and thereby obviate any statute of limitations problems with respect to pre-April 24, 1977, acts of negligence. Section 806.07(1)(h) and (2), Stats., allows a court, on motion within a reasonable time, to relieve a party from a judgment, order of stipulation for any rea-

---

[5] Contrary to the assertion of the Malukas, the fact that the trial in circuit court was a trial *de novo* did not make it improper for the court to consider the stipulation and the panel order pursuant to the stipulation. The Malukas' motion *in limine* to grant relief from the panel's order was duly considered by the trial court but denied based on the pre-*Tamminen* state of the law with respect to the statute of limitations in a negligence action.

Also erroneous is the Malukas' argument that the statute of limitations was never an issue because the WPCF, by not raising it as an affirmative defense, waived it. The WPCF did not plead the statute of limitations because it was relying on the stipulation and order to exclude pre-April 24, 1977, acts of negligence. The WPCF was entitled to so rely. A stipulation, validly made, is binding on the parties. *See* sec. 807.05, Stats., and *Wyandotte Chem. Corp. v. Royal Elec. Mfg. Co.*, 66 Wis. 2d 577, 589–91, 225 N.W.2d 648, 654–56 (1975).

[6] *State ex rel. Strykowski v. Wilkie*, 81 Wis. 2d 491, 521, 261 N.W.2d 434, 448 (1978).

[7] Sec. 655.19, Stats.

son justifying relief.[8] This provision is to be construed liberally to allow relief whenever appropriate to accomplish justice.[9]

■

The trial court correctly interpreted the *Tamminen* case as holding that the statute of limitations in a negligence action grounded on a continuum of negligent conduct does not begin to run until the date of the last negligent act, and the court correctly found *Tamminen* governing in the instant case. The Malukas' cause of action is grounded on their allegation of a continuous course of negligent treatment by Dr. Tucker. Therefore, all acts of negligence in the continuum comprise the Malukas' cause of action, but timeliness under the statute of limitations is measured only as of the last negligent act.[10] Dr. Tucker's last treatment of Bonnie took place in April of 1980. The Malukas filed suit in circuit court in December of 1981, well within the three-year statute of limitations for medical malpractice actions prescribed by sec. 893.55(1)(a), Stats. Therefore, evidence concerning Dr. Tucker's entire course of treatment of Bonnie was admissible. The trial court's decision, in light of *Tamminen* and in the interests of justice, to grant the Malukas a new trial was not an abuse of discretion.

---

[8] Sec. 806.07(1)(h) and (2), Stats., provides in relevant part:

806.07 Relief from judgment or order. (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

. . . .

(h) Any other reasons justifying relief from the operation of the judgment.

(2) The motion shall be made within a reasonable time . . . .

[9] *Conrad v. Conrad*, 92 Wis. 2d 407, 418, 284 N.W.2d 674, 679 (1979).

[10] *See Tamminen, supra* note 1 at 558–59, 327 N.W.2d at 65.

The trial court erred, however, in not remanding the case to the Patients Compensation Panel for a hearing on the issues not submitted to the panel at the previous hearing. In enacting Chapter 655 the legislature established a procedure for the processing of medical malpractice claims under which no court action for medical malpractice may be maintained before the matter is reviewed by a patients compensation panel.[11] In the instant matter only a portion of the alleged continuum of negligence which constitutes the Malukas' cause of action was reviewed by a patients compensation panel. The matter has thus been incompletely reviewed. Were this case to be retried in circuit court without first having been sent back to the panel, issues never reviewed by the panel would be decided by the circuit court; and the entire purpose of Chapter 655 would be frustrated. We could not allow retrial without remand to the panel in the Malukas' case without opening the door to future litigants structuring their claims at the panel level so as to deliberately avoid a panel hearing on certain issues while subsequently getting a trial on those issues in circuit court. The Malukas' good faith in the instant case is not germane. We conclude that the trial court must remand this case to the Patients Compensation Panel for a hearing before it is retried in circuit court.

*By the Court.*—Order affirmed in part, reversed in part and cause remanded to the trial court with directions.

---

[11] *Mortenson v. Miller*, 99 Wis. 2d 209, 217, 298 N.W.2d 546, 550 (1980).