Thomas M. PRICE, and Vera L. Price, Plaintiffs-
Respondents,

v.

Donald M. HART, State Farm Mutual Automobile
Insurance Co., Donald P. Christianson, Marshfield
Clinic, Alfred A. Brock, Wausau Ins. Co., Gary R.
Gray, XYZ Ins. Co., and Midelfort Health Plan, Inc.,
Defendants,

DURANSO TRANSFER, INC., d/b/a Duranso Mov-
ing & Storage, Defendant-Respondent,

FIREMAN'S FUND INSURANCE CO., Defendant-
Appellant. †

Court of Appeals

*No. 91-1061. Submitted on briefs October 30, 1991.—Decided
December 17, 1991.*

(Also reported in 480 N.W.2d 249.)

† Petition to review denied.

On behalf of the defendant-appellant, Fireman's Fund Insurance Company, the cause was submitted on the briefs of *Dorothy H. Dey* and *Jeralyn B. Wendelberger* of *Quale, Feldbruegge, Calvelli, Thom & Croke, S.C.* of Milwaukee, and *Arnold P. Anderson* of *Mohr, Anderson & McClurg, S.C.* of Hartford.

On behalf of the plaintiffs-respondents, Thomas M. Price and Vera L. Price, the cause was submitted on the brief of *David E. Richie* and *Webster A. Hart* of *Herrick, Hart, Duchemin, Danielson & Guettinger, S.C.* of Eau Claire.

On behalf of defendant-respondent, Duranso Transfer, Inc., d/b/a Duranso Moving and Storage, the cause was submitted on the brief of *Lindsay G. Arthur, Jr.* and *Robert W. Kettering, Jr.* of *Arthur, Chapman, McDonough, Kettering & Smetak, P.A.* of Minneapolis, Minnesota.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Fireman's Fund Insurance Company appeals a judgment entered against it in favor of Vera and Thomas Price for $4,795,552. Fireman's Fund argues that (1) the trial court erred by failing to remit Vera's damage award; (2) Fireman's Fund is not required to plead and prove its policy limits under Wisconsin's notice pleading rule; (3) the trial court had no authority under sec. 632.24, Stats., to enter a judgment against Fireman's Fund in excess of its policy limits; (4) imposing judgment against Fireman's Fund in excess of its policy limits violates its constitutional right to freedom of contract; (5) imposing judgment against Fireman's Fund in excess of its policy limits denies it due process; (6) the trial court abused its discretion by denying Fireman's Fund's motion to vacate the order for judgment under sec. 806.07, Stats.; (7) the trial court abused its discretion by denying Fireman's Fund's motion for leave to amend its answer to include its policy limits; and (8) the trial court erred by failing to reopen the evidence to allow Fireman's Fund to admit proof of its policy limits. We reject these arguments and affirm the judgment.

Thomas Price, a passenger in a pickup truck, was severely injured when Donald Christianson, driving a moving van in the course of his employment with Duranso Transfer, Inc., attempted to pass two cars and hit the truck head-on. Fireman's Fund issued a policy to Duranso that covered Christianson for his liability up to the policy limits of $750,000. However, Fireman's Fund did not plead or prove its policy limits at trial.

The jury found Christianson 100% negligent. It awarded Thomas $3,469,576.12 in damages (plus $215,975.88 to Midelfort Health Plan for expenses paid on Thomas' behalf) and $1,110,000 in damages to his wife, Vera. Fireman's Fund moved the trial court to remit Vera's damage award. When the trial court denied

the motion, Fireman's Fund moved for judgment notwithstanding the verdict in the amount of $613,974.05, the unpaid balance of its policy limits. Up to this time, Fireman's Fund still had not moved to amend its answer to allege its policy was limited in amount and had not offered to prove its policy limits. The Prices objected to the motion for judgment notwithstanding the verdict on the basis that Fireman's Fund did not plead or prove its policy limits. The trial court entered an order for judgment against Fireman's Fund for the full verdict amount.

Subsequently, Fireman's Fund moved the trial court to vacate the order for judgment, to permit Fireman's Fund to amend its answer to plead policy limitations and to reopen the evidence to allow Fireman's Fund to prove its policy limits. The trial court denied Fireman's Fund's motion and entered judgment against it for the full verdict amount.

## DAMAGES

First, we address Fireman's Fund's claim that the trial court erred by refusing to remit Vera's damage award on the basis that it was perverse and not supported by the evidence. This same issue was raised in a companion case. Our analysis in that case applies to this case. Therefore, refer to our analysis in *Price v. Hart*, 166 Wis. 2d 182, 480 N.W.2d 249 (Ct. App. 1991), where we affirmed the jury verdict.

## JUDGMENT IN EXCESS OF POLICY LIMITS

Fireman's Fund also claims that it is not required to plead and prove its policy limits under Wisconsin's notice pleading rule, that the trial court had no authority to enter a judgment against Fireman's Fund in excess of

its policy limits and that allowing the trial court to enter a judgment against Fireman's Fund in excess of its policy limits is a denial of its constitutional rights to due process and freedom of contract. We disagree.

Whether an insurer is required to plead and prove its policy limits is a question of law. We review questions of law de novo. *Barber v. Nylund*, 158 Wis. 2d 192, 195, 461 N.W.2d 809, 811 (Ct. App. 1990).

The Wisconsin Supreme Court has held that the burden of pleading and proving insurance policy limits is on the insurer. *Dostal v. St. Paul Mercury Ind. Co.*, 4 Wis. 2d 1, 16, 89 N.W.2d 545, 552 (1958). In *Dostal*, where the insurer pleaded that its policy was subject to limitations but did not prove its policy limits during trial, the supreme court held that it was within the trial court's discretion to grant the insurer's post-verdict motions to receive evidence of the policy limits and to limit recovery to the amount of those limits. *Id.* at 16–17, 89 N.W.2d at 552–53.

Similarly, in *Nichols v. USF&G*, 13 Wis. 2d 491, 493, 109 N.W.2d 131, 133 (1961), the insurer did not plead the specific amount of its policy limits, but asserted coverage and alleged its liability was limited by the terms, conditions and provisions of its policy. In that case, however, the insurer proved its policy limits at trial. *Id.* at 499–500, 109 N.W.2d at 136. The supreme court concluded that the insurer properly pleaded and proved its policy limits and, therefore, affirmed the judgment against the insurer in the amount of those limits. *Id.* Additionally, the supreme court held that if the policy limits are properly pleaded and proved, a third party can only recover from the insurer by virtue of the con-

tract between the insurer and the insured, and that contract determines the insurer's liability. *Id.*

In *Jansa v. Milwaukee Auto. Mut. Ins. Co.,* 18 Wis. 2d 145, 149, 118 N.W.2d 149, 151 (1962), the insurer did not plead that its policy had any limits as to amount of coverage, nor did it prove its policy limits prior to the jury verdict or motions on the verdict. The supreme court held that the trial court erred, as a matter of law, by allowing the insurer to enter proof of its policy limits when the plaintiff moved for judgment on the verdict and by restricting the judgment against the insurer to the amount of its policy limits. *Id.*

■

Thus, the supreme court has made it clear that if an insurer pleads that its policy is limited as to the amount of coverage but does not prove those specific limits prior to verdict, the trial court has discretion to allow this proof after verdict and to enter judgment in the amount of those limits. However, it is also clear that if an insurer does not plead or prove its policy limits prior to verdict or motions on the verdict, the trial court must enter judgment in the amount of the verdict.

■

Fireman's Fund argues that the above case law does not apply because those cases were decided before Wisconsin adopted notice pleading. We disagree. The notice pleading statute, allowing a party to plead claims and defenses more generally, deals with the specificity with which a party must plead claims and defenses. *See* sec. 802.02, Stats. Notice pleading does not govern what a party must plead, only the particularity with which a party must plead. Therefore, the fact that *Jansa, Nichols* and *Dostal* were decided prior to the adoption of notice pleading does not affect their precedential value on this issue.

Fireman's Fund urges us to follow the reasoning in *Allstate Ins. Co. v. Miller,* 553 A.2d 1268 (Md. 1989). Maryland, like Wisconsin, allows direct action against an insurer and does not allow the jury to know the amount of coverage unless it is in controversy. *Id.* at 1272. In *Miller,* the court held that even if an insurer does not prove its policy limits at trial, upon a proper post-verdict motion the trial court should reduce the verdict to comply with the insurer's policy limits.[1] *Id.* at 1273. Although this case has no precedential value in Wisconsin, we believe it is the better rule because insurance policy limits are available to the parties through discovery and cannot be presented to the jury. Furthermore, unless policy limits are in issue, they have no bearing upon the jury's consideration of damages and they are irrelevant until after verdict. Thus, to require an insurer to prove its policy limits at trial when they are not in issue is a formality that serves no purpose. The result in this case is a good example of why Wisconsin's procedure on this issue should be reexamined. It places form over substance.

██
However, the Wisconsin Supreme Court has set forth the rule requiring insurers to plead and prove their policy limits prior to verdict. Because we are obligated to follow these long-standing supreme court holdings, *State v. Lossman,* 118 Wis. 2d 526, 533, 348 N.W.2d 159, 163 (1984), any decision adopting a rule similar to Maryland's must come from the supreme court. Thus, it is for the supreme court to reevaluate its standard requiring an

---

[1]The opinion is silent as to whether the insurance company had pled that its policy was subject to limitations in amount. However, it appears that the court did not consider it relevant whether the insurance company had pled its policy limitations prior to verdict.

insurer to plead and prove its policy limits before verdict.

Next, we address whether the trial court had authority to enter a judgment against Fireman's Fund for the full verdict amount. This is a question of law that we review de novo. *Barber,* 158 Wis. 2d at 195, 461 N.W.2d at 811.

The facts in this case are almost identical to the facts the supreme court confronted in *Jansa.* Fireman's Fund's answer admitted that it issued an insurance policy to Duranso, but never alleged that its policy was subject to limitations. Additionally, during trial Fireman's Fund never moved to amend its answer and never proved its policy limits. It was only after the verdict and on motions for judgment on the verdict that Fireman's Fund moved the trial court to enter judgment for the amount of $613,974.05, the unpaid balance of its policy limits. However, it still did not move to amend its answer alleging that its policy was limited as to amount of coverage or offer to prove its policy limits. The trial court denied the motion and entered judgment against Fireman's Fund for the full verdict amount.

Under the holding in *Jansa,* the trial court here had no choice but to enter judgment against Fireman's Fund for the full verdict amount. We note, however, that the trial court does have discretion to vacate the judgment under sec. 806.07, Stats., and to reopen the evidence. This issue will be discussed later in the opinion when we address Fireman's Fund's motion to vacate the order for judgment. Because Fireman's Fund failed to plead its policy limitations and never moved to amend its answer, the trial court was precluded after the verdict from admitting proof of Fireman's Fund's policy limits and

192

from limiting the judgment to the amount of the policy limits. *Jansa,* 18 Wis. 2d at 150, 118 N.W.2d at 151. Thus, not only did the trial court have authority to enter judgment against Fireman's Fund in excess of its policy limits, the trial court was required to do so under the holding in *Jansa.*

Fireman's Fund also argues that the trial court lacked authority under sec. 632.24, Stats., the direct action statute, to enter judgment against Fireman's Fund in the full amount. Section 632.24 states that a liability insurance policy makes the insurer liable, up to the policy limits, to a person entitled to recover, irrespective of whether liability is established or contingent. This statute allows an injured person to sue an insurer directly, before obtaining a judgment against the insured. However, Wisconsin's pleading and proof requirements must still be complied with in order for the insurer to restrict the judgment to its policy limits. To hold otherwise would render the supreme court decisions in *Dostal, Nichols* and *Jansa* meaningless.

We next address Fireman's Fund's contention that the trial court's entering a judgment against it in excess of its policy limits violates its constitutional rights of due process and freedom of contract. The application of undisputed facts to a particular legal standard is a question of law that we review de novo. *See State v. Trudeau,* 139 Wis. 2d 91, 103, 408 N.W.2d 337, 342 (1987).

Fireman's Fund's freedom of contract and due process rights were not violated. Fireman's Fund had notice and an opportunity to be heard where it could easily have alleged and proved its policy limits, thereby restricting any judgment against it to those contractual

193

limits. It was Fireman's Fund's failure to plead and prove its policy limits that allowed the trial court to enter judgment against it for the full verdict amount. We reject the argument that one can claim that its constitutional rights were violated as a result of its own errors during trial.

## MOTION TO VACATE ORDER FOR JUDGMENT

Because we determined that the trial court properly entered the order for judgment on the verdict, we now must address whether the trial court properly denied the motion to vacate its order for judgment. Fireman's Fund claims that the trial court erred by refusing to vacate the order for judgment pursuant to sec. 806.07, Stats., denying Fireman's Fund leave to amend its answer to include policy limitations, and refusing to reopen the evidence allowing Fireman's Fund to prove its policy limits. We disagree.

Fireman's Fund argues that the trial court erred by not vacating the order for judgment under sec. 806.07(1)(a) and (h), Stats., on the basis of Fireman's Fund's excusable neglect or other reasons justifying relief from the judgment. Section 806.07(1) states in part:

On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment . . . for the following reasons:
(a) Mistake, inadvertence, surprise, or excusable neglect;
. . ..
(h) Any other reasons justifying relief from the operation of the judgment.

Excusable neglect allowing relief from judgment is that neglect which might have been the act of a reasona-

bly prudent person under the same circumstances, and is not synonymous with neglect, carelessness or inattentiveness. *Martin v. Griffin,* 117 Wis. 2d 438, 443, 344 N.W.2d 206, 209 (Ct. App. 1984). The purpose of sec. 806.07(1)(h), Stats., is to provide the court with a means of relieving a party from oppression of a final judgment. *Eau Claire County v. Employers Ins.,* 146 Wis. 2d 101, 109–10, 430 N.W.2d 579, 582 (Ct. App. 1988). Additionally, this portion of the statute must be construed liberally to allow relief whenever appropriate to accomplish justice. *Maluka v. Tucker,* 117 Wis. 2d 1, 6–7, 343 N.W.2d 407, 410 (Ct. App. 1983).

A trial court has wide discretion in ruling on a motion to vacate a judgment. *Town of Seymour v. City of Eau Claire,* 112 Wis. 2d 313, 322, 332 N.W.2d 821, 825 (Ct. App. 1983). We will sustain a discretionary determination that was based on the facts of record and applicable law, and was the product of a rational mental process that considered the facts of record and applicable law. *Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20–21 (1981).

As we stated previously, Wisconsin case law requires an insurer to plead and prove its policy limitations. This is a long-standing requirement that the supreme court clearly set forth since 1958. *Dostal,* 4 Wis. 2d at 16, 89 N.W.2d at 552. Fireman's Fund, like other insurers, is bound to follow Wisconsin law when it is involved in litigation in Wisconsin.

The facts in this case indicate that the two other insurers pleaded that their policies were subject to limitation and proved their policy limitations during trial in the presence of Fireman's Fund's attorney. Thus, the trial court reasonably found that Fireman's Fund had

ample opportunity to amend its pleadings and to prove its policy limitations prior to the trial court's order for judgment on the verdict. Under these circumstances, the trial court reasonably concluded that the failure of Fireman's Fund's attorney to plead and prove policy limitations was neglect, but not excusable.

Fireman's Fund also contends that relief from the order for judgment was justified because it told the Prices' counsel what its policy limits were. Thus, it argues, the Prices would not be prejudiced if the trial court had limited the judgment against Fireman's Fund to the remaining balance of its policy limits. Consequently, it argues that in the interest of justice, relief from such an oppressive judgment should have been granted. The Prices' counsel admitted that Fireman's Fund informed him of the policy limits, but disputed whether he knew the amount was in fact the actual policy limit. The Prices contend that to now reopen the judgment and permit this evidence would be prejudicial to them because while the jury was deliberating, they refused substantial settlements from Fireman's Fund and the other insurer on the theory that Fireman's Fund had not properly limited its financial exposure. Prejudice to the parties is one factor, of many, for the trial court to consider. Although we may not have made the same decision as the trial court on this issue, on this record we cannot say that the trial court acted unreasonably in exercising its discretion by denying Fireman's Fund's motion to vacate the order for judgment under sec. 806.07, Stats.

Fireman's Fund did not move to amend its pleadings and prove its policy limits until after the trial court awarded a judgment in favor of the Prices. An answer

cannot be amended and additional evidence submitted unless the trial court permitted the judgment to be vacated and reopened. Because the trial court reasonably exercised its discretion by refusing to vacate the order for judgment, its judgment on the verdict stands and we therefore need not address whether it was error to deny Fireman's Fund's motion for leave to amend its answer and motion to reopen the evidence to allow it to prove its policy limits.

*By the Court.*—Judgment affirmed.