Sandra HOFF, Plaintiff,

v.

Julie M. WEDIN, Eileen M. Wedin and Farmers Insurance Exchange Co., Defendants,

Carla E. STROMBERG, Defendant-Appellant-Cross Respondent,†

Susanne J. STROMBERG, Defendant-Respondent-Cross Appellant,

CLASSIFIED INSURANCE CO., INC., Defendant-Respondent-Cross Appellant-Cross Respondent.

Court of Appeals

*No. 91–1975. Submitted on briefs June 23, 1992.—Decided August 4, 1992.*

(Also reported in 489 N.W.2d 646.)

†Petition to review denied.

444

445

On behalf of the defendant-appellant-cross respondent, the cause was submitted on the briefs of *Catherine R. Quiggle* of *Rodli, Beskar & Boles, S.C.* of River Falls.

On behalf of the defendant-respondent-cross appellant, the cause was submitted on the briefs of *Matthew A. Biegert* of *Doar, Drill & Skow, S.C.* of New Richmond.

On behalf of the defendants-respondents-cross appellants, the cause was submitted on the briefs of *James P. Brennan* of *Brennan & Collins* of Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Carla Stromberg appeals a judgment limiting Classified Insurance Co., Inc.'s liability to $100,000 and awarding her forty percent of the total damages in her personal injury cross-claim. Carla contends that the trial court lacked jurisdiction to reopen the evidence to allow proof of Classified's insurance policy and its limitations after the jury verdict. Carla also contends that the trial court misapplied the law when it awarded her forty percent of the total damages instead of sixty percent, when the jury had apportioned negligence forty percent to Carla, forty percent to Susanne Stromberg and twenty percent to Julie Wedin. She argues that sec. 895.045, Stats., entitles her to sixty percent of the total damages, in spite of her *Pierringer*

446

release of Julie and Eileen Wedin and Farmers Insurance Exchange Co. (collectively, the Wedins), whom the jury found to be twenty percent at fault.

Susanne and Classified cross-appeal the denial of a new trial on the issue of liability. Susanne and Classified assert that the trial court committed reversible error when it refused to give two of their requested jury instructions. They argue that the failure to give the requested instructions misled the jury into apportioning more negligence to Susanne than her duty of care supported. Susanne also cross-appeals separately the portion of the judgment limiting Classified's liability to $100,000. Finally, Susanne argues that Carla should be able to recover the entire amount of the judgment from Classified because it failed to prove the insurance policy and its limitations.

Because we conclude that the court properly exercised its discretion when it (1) reopened the evidence to allow proof of Classified's policy limitations, (2) limited Classified's liability to its policy amount and (3) refused to give the requested jury instructions, and because we conclude that the court properly calculated the amount of damages to which Carla was entitled, we affirm the judgment.

In June 1987, Carla and her passenger, Sandra Hoff, were injured when their automobile collided with Julie Wedin's van in an intersection in Polk County. The automobile was allegedly owned by Carla's mother, Susanne. Carla was sixteen years old at the time of the accident. Hoff sued the Wedins, Carla, Susanne and Classified. The Wedins cross-claimed against Carla, Susanne and Classified for contribution. Carla cross-claimed against the Wedins, Susanne and Classified. Carla's cross-claim was partially based on her assertion that Susanne had allowed her to operate the automobile

knowing that it was in a defective condition. Hoff amended her complaint to add a similar claim of negligence against Susanne.

Classified alleged in its answers to Hoff's complaint and amended complaint and its answer to Carla's cross-claim that its policy was "limited by all of its terms, conditions, exclusions, and limits of liability contained within it." Classified then served a request for admissions upon all parties to the action, including Carla, pursuant to sec. 804.11, Stats. A copy of an insurance policy was attached, and the parties were requested to admit in writing that it was

> a true and correct certified copy of the policy of automobile liability insurance issued by Classified Insurance Corporation to Susanne J. Stromberg, during a policy period of May 1, 1987 to February 1, 1988, insuring Carla E. Stromberg, and in effect on June 21, 1987.

No one responded to this request.

Sometime after the service of Classified's request for admissions, but before the trial, Hoff settled her claims against the Wedins, Carla, Susanne and Classified.[1] Carla later settled her claims against the Wedins and executed a *Pierringer* Release.

---

[1]The record contains a stipulation and partial order of dismissal and a *Pierringer* release executed by Sandra Hoff, dismissing Hoff's claims against the Wedins. These documents are dated February 27, 1991, and February 22, 1991, respectively—a full month after the trial of Carla's cross-claims. The record contains no mention of the dismissal of Sandra Hoff's claims against Carla, Susanne and Classified, other than a letter from the Wedins' attorney to Judge Erickson dated January 18, 1991, and attached as Exhibit B to Marker's affidavit. However, because both sides concede this fact, we accept it as true.

Prior to the trial, Susanne and Classified requested jury instructions. The trial court refused to give two of the instructions: that "a child must use the same care as an adult when *maintaining* or operating a motor vehicle"; and instructions designed to guide a jury in its determination of a motor vehicle's ownership. Instead, the trial court instructed the jury that:

> [a] child must use the same care as an adult when operating a motor vehicle . . .. It is the duty of an owner and operator of a motor vehicle to exercise ordinary care to discover any unsafe or defective condition of the vehicle and to have her vehicle in reasonably safe condition for operation on a public highway. The vehicle should be equipped and maintained to make it reasonably safe and suitable for the particular kind of use for which it is to be employed so that the driver can control it to prevent its being a hazard to itself, occupants or other users of the highway. A failure to exercise ordinary care to discover an unsafe condition, to equip the vehicle properly or to maintain it, is negligence.

The trial court based its refusal on its determinations that this instruction more properly reflected the law, and that the instruction on ownership would confuse the jury because the special verdict form did not include a question concerning ownership.

Carla's claims against Susanne and Classified were tried before a jury in January 1991. The jury awarded Carla damages of $791,754.93 and apportioned liability as follows: forty percent to Carla, forty percent to Susanne and twenty percent to Julie Wedin. Carla moved for judgment on the verdict, and Classified and Susanne moved the court to set aside the verdict and change several answers to the special verdict.

After a hearing, the trial court granted Carla's motion and denied Classified and Susanne's motions. Carla then submitted a proposed judgment entitling her to recovery of $475,052.96 from Susanne and Classified. Susanne and Classified objected to the proposed judgment because it (1) awarded Carla sixty percent of the total damages awarded and not forty percent, and (2) entered judgment against Classified in excess of Classified's policy limit of $100,000. Susanne and Classified then moved the court to enforce the *Pierringer* release of Julie Wedin by limiting Carla's recovery to forty percent of the total damages award, and Classified moved the court to limit its liability to $100,000.

After extensive briefing on the subject by both sides, the trial court granted Susanne and Classified's motion limiting Carla's recovery to forty percent of the damages awarded. The court determined that the *Pierringer* release "settled that portion of the joint tortfeasor liability of the settling defendant" and that "[t]he remaining joint tortfeasor, Classified's insured, is liable for the balance due and owing, namely the unpaid 40%." The trial court further determined that Classified had pleaded its policy limits, and that "proof" of the policy was unnecessary since it was undisputed. On its own motion, however, the trial court reopened the evidence and received the policy as evidence of Classified's liability limitation.

## CLASSIFIED'S POLICY LIMITATIONS

Carla and Susanne contend that Classified's failure to prove its policy limitations at trial entitles Carla to recovery of the entire amount of the judgment from Classified. They argue that the trial court was without authority to reopen the evidence and allow proof of Classified's policy limits, citing *Jansa v. Milwaukee Auto.*

*Mut. Ins. Co.,* 18 Wis. 2d 145, 118 N.W.2d 149 (1962), and *Price v. Hart,* 166 Wis. 2d 182, 480 N.W.2d 249 (Ct. App. 1991). We reject their argument because *Jansa* is inapposite, and Carla and Susanne misapply *Price* by ignoring the language that recognizes the trial court's discretion to reopen evidence to allow proof of insurance policy limits.

The trial court has discretion to allow an insurance company to submit proof of specific policy limits after the verdict and to enter judgment limiting the insurer's liability to the amount of coverage. *Price,* 166 Wis. 2d at 189, 480 N.W.2d at 252. This court will sustain a discretionary decision that was based on the facts of record and applicable law, and was the product of a rational mental process. *Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20–21 (1981).

Here, Classified pled that its policy contained limitations as to liability in paragraph 3 of its answer to the Hoff claim, and in paragraph 4 of its answer to Carla's cross-claim. Further, the existence of the policy was the subject of a request for admission served upon all record parties to the Hoff claim, including Carla and Susanne. The policy and its terms were uncontroverted. Finally, Carla and Susanne were insureds under the policy in question, and they were aware of the policy limits. These factors are missing in *Jansa.* Because the trial court considered all of these factors and correctly applied the law of *Price* when it decided to allow Classified to submit proof of its policy limits after the verdict, we conclude that there was no abuse of discretion.

We need not address Carla and Susanne's contention that Classified's request for admission of the policy

cannot be used in Carla's cross-claim action because it was originally used in connection with a different proceeding—the Hoff claim. The trial court did not rely on the request for admission when it limited Classified's liability to $100,000; rather, the trial court reopened the evidence and received the policy. Once the trial court received the policy into evidence, it had the authority to limit Classified's liability to the policy amount. *Price,* 166 Wis. 2d at 189, 480 N.W.2d at 252.

## EFFECT OF *PIERRINGER* RELEASE

Carla contends that the trial court misapplied the doctrines of joint and several liability and contributory negligence when it determined that, as a result of the *Pierringer* release of a tortfeasor found to be twenty percent at fault, Carla was entitled to forty percent of the total damages. She argues that under the law of contributory negligence, only the proportion of negligence attributed to her should be subtracted. Under Carla's analysis, because she was found to be forty percent at fault, she would be entitled to sixty percent of the total damages. She cites several cases in support of her argument, none of which involved an application of a *Pierringer* release.

The *Pierringer* release originated in *Pierringer v. Hoger,* 21 Wis. 2d 182, 124 N.W.2d 106 (1963). Through a *Pierringer* release, the plaintiff settles her cause of action for the portion of negligence attributable to the settling defendant. *Id.* at 191–92, 124 N.W.2d at 111. The logical result is that "the judgment, if any, against the nonsettling defendant should only be for that percentage of negligence allocated to him by the findings or the verdict." *Id.* at 193, 124 N.W.2d at 112. The case law

in this area is settled. The jury apportioned forty percent of the fault to Susanne, and the judgment against her should be the amount of forty percent of the total damages; no more and no less.

## CLASSIFIED'S CROSS-APPEAL

■■

The trial court has broad discretion in instructing a jury. *Garceau v. Bunnell,* 148 Wis. 2d 146, 151, 434 N.W.2d 794, 795 (Ct. App. 1988). If the instruction fully and fairly informs the jury of the applicable law, the instruction is not erroneous. *D.L. by Friederichs v. Huebner,* 110 Wis. 2d 581, 624, 329 N.W.2d 890, 909 (1983).

Here, the trial court instructed the jury that a child is held to the same standard of care as an adult when operating a motor vehicle. The court also instructed that an owner and operator of a motor vehicle has a duty to use ordinary care in maintaining the vehicle, and that "[a] failure to exercise ordinary care to discover an unsafe condition, to equip the vehicle properly or to maintain it, is negligence."

■

This instruction accurately reflects the applicable law. In Wisconsin, the amount of care required of a child is dependent upon age, intelligence, maturity and experience. *Rossow v. Lathrop,* 20 Wis. 2d 658, 663, 123 N.W.2d 523, 526 (1963). One exception to this general rule is that a child engaged in an activity typically engaged in by adults and for which a license is required must use the same care as an adult. Wis J I—Civil 1010 comment; *see also* RESTATEMENT (SECOND) OF TORTS § 283A (1965).

■ Classified contends that the jury was misled by the instruction given, resulting in the determination that Susanne was forty percent negligent. Classified argues that the trial court erred when it refused to give the following instruction: "A child must use the same care as an adult when maintaining or operating a motor vehicle." The requested instruction is a misstatement of Wisconsin law. While operating an automobile is an activity that falls within the exception to the general rule of *Rossow,* maintaining a car is not. The trial court therefore properly refused to instruct that, in maintaining a car, a child is held to the same standard of care as an adult.

■ Even if Classified's requested instruction accurately stated applicable Wisconsin law, this court will not find error in the trial court's refusal to give a different instruction where the instruction given adequately covers the applicable law, even though the requested instruction is not erroneous. *State v. Kemp,* 106 Wis. 2d 697, 706, 318 N.W.2d 13, 18 (1982). The instruction given was a proper statement of the law, and adequately advised the jury as to the law that should govern their deliberations. Therefore, the trial court did not err when it refused to give Classified's requested instruction.

■ Classified also argues that the trial court erred by failing to submit to the jury the question of the ownership of the automobile that Carla was driving. Classified's counsel, however, failed to request that the special verdict form contain a question as to ownership of the vehicle. Under sec. 805.13(3), Stats., failure to object to the verdict form at the verdict conference constitutes a waiver of any error in the verdict.

Counsel's failure to object to the omission of a question of ownership of the automobile in the special verdict form and his failure to request such an inquiry waives any objection to its omission from the special verdict. Because the trial court need not instruct the jury on issues not presented for the jury's consideration, *Lehner v. Berlin Pub. Co.*, 211 Wis. 119, 127-28, 246 N.W. 579, 583 (1933), it was not error to refuse to instruct on ownership issues.

*By the Court.*—Judgment affirmed without costs.