Jeffrey L. WOODSON and Air Wisconsin, Inc., a Wisconsin Corporation, Plaintiffs,

v.

Marie E. KREUTZER, Defendant-Appellant,†

MILWAUKEE MUTUAL INSURANCE CO., Defendant-Respondent.

Court of Appeals

*No. 94–1889–FT. Submitted on briefs November 4, 1994.—Decided December 13, 1994.*

(Also reported in 526 N.W.2d 788.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *J. Drew Ryberg* and *Kristina M. Bourget* of *Kelly & Ryberg, S.C.*, Eau Claire.

For the defendant-respondent the cause was submitted on the brief of *John P. Runde* of *Terwilliger, Wakeen, Piehler & Conway, S.C.*, Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Marie E. Kreutzer appeals a judgment dismissing Milwaukee Mutual Insurance Co., her insurance carrier, from any further obligation to defend her upon payment of its policy limits into the court.[1] Kreutzer contends that the tendered for settlements provision in Milwaukee Mutual's insurance policy is ineffective because it is not sufficiently highlighted in the policy so as to adequately apprise an insured of the existence of this option. Because we conclude that the tendered for settlements provision was sufficiently highlighted, we affirm the judgment.

Jeffrey Woodson commenced a negligence action against Kreutzer and her insurer after Woodson was injured in an automobile accident involving Kreutzer. Milwaukee Mutual insured Kreutzer under a policy issued to her husband David. In addition to personal injury liability limits of $50,000 per person, the policy contained a section entitled "LIABILITY COVERAGE," which provided as follows:

---

[1] This is an expedited appeal under RULE 809.17, STATS.

> **We** will pay damages, except punitive or exemplary damages, for which any **insured person** is legally liable because of **bodily injury** and **property damage** arising out of the ownership, maintenance or use of a car or **utility trailer**.
>
> **We** will defend any suit or settle any claim for damages payable under this policy as **we** consider appropriate. **We** will not defend nor settle any claim for punitive or exemplary damages.
>
> **IMPORTANT - PLEASE NOTE**
>
> **We** shall not be obligated to pay any claim or judgment or defend any suit after the applicable limit of **our** liability has been exhausted by payment of judgments or settlements or after such limit of **our** liability has been tendered for settlements. (Emphasis in original.)

Relying on the tendered for settlements clause, Milwaukee Mutual moved for a declaratory judgment allowing it to tender its policy limits and thereafter be relieved of any further obligation to defend Kreutzer. Kreutzer opposed the motion, arguing that the provision was not sufficiently highlighted to apprise a reasonable person of its existence. The trial court, however, found that the provision was sufficiently highlighted and entered judgment dismissing Milwaukee Mutual from the action.

In *Gross v. Lloyds of London Ins. Co.*, 121 Wis. 2d 78, 358 N.W.2d 266 (1984), the Wisconsin Supreme Court concluded that an insurer may terminate its defense of an insured by tendering the policy limit into court. However, the court noted:

> In order for an insurer to be relieved of its duty to defend upon tender of the policy limits, the "tendered for settlements" language must be

> highlighted in the policy and binder by means of conspicuous print, such as bold, italicized, or colored type, which gives clear notice to the insured that the insurer may be relieved of its duty to defend by tendering the policy limits for settlement.

*Id.* at 89, 358 N.W.2d at 271. Kreutzer contends that the Milwaukee Mutual policy did not meet the requirements of *Gross*. Specifically, Kreutzer argues that the tendered for settlements provision was not sufficiently highlighted because: (1) it was contained in the policy's "Liability Coverage" section, and (2) the language of the provision was not in bold, italicized or colored type. Consequently, Kreutzer argues that she was not adequately apprised of the provision's existence and that the provision is therefore insufficient to relieve Milwaukee Mutual of its obligation to defend her.

The issue before this court is whether the tendered for settlements provision was sufficiently highlighted to apprise a reasonable person of its existence. To resolve this issue, we must apply undisputed facts to the legal standard enunciated in *Gross*. Application of undisputed facts to a particular legal standard is a question of law that we review without deference to the trial court. *Price v. Hart*, 166 Wis. 2d 182, 189, 480 N.W.2d 249, 253 (Ct. App. 1991).

Kreutzer first contends that because the tendered for settlements provision is a defense provision, a reasonable insured would not expect to find it in a section entitled "Liability Coverage." Therefore, Kreutzer argues that it was unreasonable for Milwaukee Mutual to place the tendered for settlements provision in the Liability Coverage section. We are not persuaded.

Milwaukee Mutual's obligation to defend an insured only arises in the event the insured is covered

by the policy. Thus, to determine whether Milwaukee Mutual has an obligation to defend, it is necessary to examine that portion of the policy pertaining to liability coverage. Because these provisions are directly and inexorably related to the issue of liability, it was not unreasonable for Milwaukee Mutual to place provisions relating to its obligation to defend in the Liability Coverage section. Additionally, we note that the Liability Coverage section is one of the most significant sections of the policy because it denotes the scope and extent of the policy's coverage. This is reflected by the fact that this section is prominently located on page three of the insurance contract. Therefore, because of the significant nature of the Liability Coverage section and because it is conspicuously located on page three of the contract, we conclude that placing the tendered for settlements provision in the Liability Coverage section was consistent with the requirement that the provision be conspicuous.

Kreutzer next contends that the tendered for settlements language was ineffective because it was not sufficiently highlighted. Relying on *Gross*, Kreutzer argues that any language limiting an insurer's obligation to defend must be placed in bold, colored or italicized type. Therefore, Kreutzer claims that because Milwaukee Mutual did not use one of these methods to highlight the tendered for settlements provision, the provision was not sufficient to relieve Milwaukee Mutual of its obligation to defend her.

Although *Gross* notes that options such as bold, italicized or colored type are sufficient to provide the insured with adequate notice of the tendered for settlements provision, *Gross* does not limit an insurer to the use of one of these options. Rather, the import of *Gross* is that an insurer must use some means of highlighting

193

the tendered for settlements provision such that a reasonable insured will have notice of the existence of that provision. Our review of the policy leads us to conclude that Milwaukee Mutual's tendered for settlements language is sufficiently conspicuous to place a reasonable insured on notice of the provision's existence.

Initially, we note that immediately preceding the tendered for settlements provision are the words **"IMPORTANT - PLEASE NOTE."** This is the only place in the entire policy where this language appears, and it is spaced from both the preceding and succeeding paragraphs to accentuate its visibility. Moreover, this language, which is sufficient in and of itself to attract the attention of a reasonable insured, is printed entirely in capital letters and is emphasized with boldface type. Finally, we note that the language of the tendered for settlements provision is itself clear and unambiguous. As the trial court stated in its judgment:

> If one looks at the entire insurance policy which Kreutzer received, it appears to be perfectly readable. The left-hand headings are in red type; the provisions are well spaced; and the language appears to be generally understandable to anyone who takes the time to read through the policy.

We therefore conclude that the tendered for settlements provision was sufficiently highlighted to apprise a reasonable insured of the provision's existence. The tendered for settlements provision is placed in a reasonably anticipated location, it is set forth by spaces and introduced by boldface language that calls the reader's attention to an important provision and the language of the provision is clear and unambiguous. Therefore, we conclude that the trial court properly

granted declaratory judgment to Milwaukee Mutual dismissing them from the action.

*By the Court.*—Judgment affirmed.